# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 23, 2015 Session

## EWIN B. JENKINS ET AL. V. BIG CITY REMODELING ET AL.

**Appeal from the Circuit Court for Sevier County**
**No. 13-CV-296-IV     O. Duane Slone, Judge**

_____

### No. E2014-01612-COA-R3-CV-FILED-SEPTEMBER 29, 2015
_____

CHARLES D. SUSANO, JR., C.J., concurring in part and dissenting in part.

What was the proximate cause of the fire and explosion that led to this lawsuit? That was the central question before the trial court. The plaintiffs' theory on this subject is correctly set forth in the majority's opinion:

> . . . [the plaintiffs] asserted that Flooring Subcontractors [(the subcontractors)] allowed flammable rags to remain on or near the exterior deck and also smoked cigarettes in the area. As claimed by [the plaintiffs], the improper disposal of cigarette butts resulted in the stain-soaked rags igniting, thereby causing the fire.

The subcontractors were on the construction site to "stain[ ] . . . the hardwood floors."

In my judgment, the problem in this case is an absence of evidence showing a nexus between the subcontractors' conduct – negligent as it certainly was – and the fire.

In a negligence claim, there must be evidence of "causation in fact," sometimes referred to as "but for" causation. ***King v. Anderson Cnty.***, 419 S.W.3d 232, 246 (Tenn. 2013). In the case at bar, the plaintiffs were required to present evidence showing that "but for" the negligence of the subcontractors, there would not have been a fire. The majority is correct when it says "[the plaintiffs'] expert witness testified that the spontaneous combustion of flammable rags *could* have caused the fire." (Emphasis added.) I agree; however, the word "could" involves a "possibility" while "but for causation" requires "more likely than not" evidence. A possibility is not enough to make out a genuine issue of material fact.

Regrettably, the record does not contain evidence to support "but for" causation. We do not know why the house caught on fire.

I concur in the trial court's determination that Big City Remodeling is entitled to summary judgment on its "own negligence and *res ipsa loquitur*." (Italics in majority opinion.) I would affirm the trial court's grant of summary judgment as to the subcontractors. As a consequence of my decision as to the subcontractors, I would also affirm the trial court's grant of summary judgment to Big City Remodeling on the plaintiffs' theory of its culpability under an "implied duty contained in the construction contract to perform the work 'skillfully, carefully, diligently, and in a workmanlike manner.' "

Accordingly, I concur in part and respectfully dissent in part.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE

2